**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FRANK DOMINGUEZ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ESSEX INSURANCE COMPANY,** | § | |
| **BRUSH COUNTRY CLAIMS, LTD.,** | § | |
| **& BLAKE WILLIAMS** | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT ESSEX INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Defendant ESSEX INSURANCE COMPANY ("Essex") files its Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

## I.

## Factual Background

1.       On or about September 23, 2015, Plaintiff filed its Original Petition in a case styled *Frank Dominguez v. Essex Insurance Company, Brush Country Claims, Ltd. & Blake Williams*, Cause No. 15-09-55133-cv, pending in the 79th Judicial District Court for Jim Wells County, Texas.

2.       The Texas Insurance Commission received service of the Original Petition on Essex's behalf on November 3, 2015.  Essex filed its Original Answer to Plaintiff's Original Petition on November 9, 2015.

3.       Brush Country Claims, Ltd. ("Brush Country") was served via its registered agent on November 9, 2015.  Brush Country filed its Original Answer to Plaintiff's Original Petition

on November 9, 2015.  Citation on Blake Williams ("Williams") has never been served and he has not appeared.

4.      Essex files this notice of removal within 30 days of this case becoming removable and within one year from the commencement of the action.  *See* 28 U.S.C. §1446(b) and (c).

5.      Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;

- **Exhibit B:** Plaintiff' Original Petition;

- **Exhibit C:** Citation served on Essex;

- **Exhibit D:** Citation served on Brush Country;

- **Exhibit E:** Citation issued but not served on Williams;

- **Exhibit F:** Essex's Original Answer to Plaintiff's Original Petition;

- **Exhibit G:** Brush Country's Original Answer to Plaintiff's Original Petition; and

- **Exhibit H:** List of Parties and Counsel

## II.

## Basis For Removal

6.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### Plaintiff and Essex Are Diverse

7.      Upon information and belief, Plaintiff, Frank Dominguez, was a resident of the state of Texas at the time the lawsuit was filed.

8.      Essex is, and was at the time the lawsuit was filed, incorporated under the laws of the state of Delaware, with its principal place of business in Glen Allen, Virginia.

9.      Co-Defendants, Brush Country and Williams, are not properly joined as parties to this lawsuit but are citizens of the state of Texas.

**a.      Co-Defendants, Brush Country and Williams, have been improperly joined in this lawsuit.**

10.     A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Essex would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Brush Country and its independent adjuster, Williams, did not commit any torts in their individual capacities.

11.     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar.

27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

12.     Here, Plaintiff fails to offer any specific facts in support of his claims against Brush Country and Williams that are distinct from Plaintiff's claims against Essex, and therefore fails to state a viable state law claim against Brush Country and Williams, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

13.     Plaintiff's allegations against Brush Country and Williams are conclusory, in that they contain no reference to any material facts to which the law should apply.  Aside from alleging that Brush Country and Williams were assigned by Essex to adjust the claim, Plaintiff's only factual allegations that apply specifically to Brush Country and Williams are the generic and conclusory allegations that Brush Country and Williams: (1) improperly adjusted the claim; (2) failed to quantify the damages and made errors in estimating the value of the claim, thereby failing to adequately compensate Plaintiff for the alleged loss; and (3) made unspecified

2417470v1

misrepresentations to Plaintiff regarding coverage for the claim.  (Exhibit B, Paragraphs 15, 16, 19)  Just as in *Okenkpu* cited above, Plaintiff's Original Petition "fails to specify any statements which Plaintiff considers to be misrepresentations or fraudulent, Plaintiff does not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

14.     Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Brush Country or Williams. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

15.     Further, without asserting facts as to how Brush Country and Williams individually, and not as independent adjusters assigned by Essex, committed an actionable *violation* of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.  *See Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555 (2007).  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for

publication).   Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.   *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).   Here, the alleged harm is Essex's failure to pay the claim.

16.     "[T]o state a valid state law cause of action, Plaintiff' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."   *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).   However, it fails to do so.   Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.   *See Ashcroft v. Iqbal*, 129 S.Ct. 1297 (2009).   It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code.   *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was legally sufficient evidence of damages).   The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable."   *Id.* at 627-28.   This, however, is precisely the pleaded claims against Brush Country and Williams in the Original Petition. (Exhibit B, Paragraphs 15- 16, 20) As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

17.    The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Essex owes Plaintiff any amount for a covered loss.  Plaintiff's claims are for economic losses against Essex, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law.  Therefore, Plaintiff's assertions against Brush Country and Williams, the non-diverse Defendants, fail to show any likelihood of recovery against Brush Country and Williams, individually.  The citizenship of the non-diverse Defendants, Brush Country and Williams, therefore, is disregarded and removal of this case is proper.

**b.    The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

18.    As alleged in their Original Petition, Plaintiff seeks monetary relief between $200,000 and $1,000,000.   *See* Plaintiff's Original Petition, paragraph 77 (**Exhibit B**). Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

**III.**

**The Removal is Procedurally Correct**

19.    This Notice of Removal is timely.   At the time this action was originally filed, the case was not removable because of binding precedent from the Court which held that the state pleading standard rather than the federal pleading standard applies when determining whether a plaintiff has stated a claim against a non-diverse defendant.  *See, e.g., Garza v. Scottsdale Ins. Co.*, No. 2:15-CV-149, 2015 WL 3756917, *2 (S.D. Tex. June 16, 2005) ("This Court has previously observed that courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than the federal standards"); *Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, *3 (S.D. Tex.  Feb. 1, 2012) ("As this Court has held before, it is Texas' "fair notice" pleading

standard, and not the federal pleading requirements, that plaintiffs must meet in defeating a fraudulent joinder allegation").   Under this controlling law, there was no reasonable basis for removing this case to federal court when it was served on Defendant Essex Insurance Company in late 2015.   On March 31, 2016, the Fifth Circuit issued its opinion in *International Energy Ventures Mgmt., LLC, v. United Energy Group, Ltd.*, __ F.3d. __, 2016 WL 1274030, *9 (5th Cir. 2016).   In that case, the Fifth Circuit held that a "federal court must apply the federal pleading standard" to achieve uniformity among the district courts in the Fifth Circuit and "ensure that the scope of federal subject matter jurisdiction does not differ serendipitously from state to state and district to district, because of nothing more than an accident of geography." Under the federal pleading standards, Plaintiff's petition does not state a cause of action against the non-diverse defendants, those defendants are improperly joined and this case became removable.   Because this Notice of Removal is being filed within 30 days after the case became removable and within one year from the commencement of the action, the removal is timely under 28 U.S.C. § 1446(b) and (c).

20.   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

21.   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22.   Promptly after Essex files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

23.   Promptly after Essex files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Jim Wells County District Court pursuant to 28 U.S.C. §1446(d).

24.   Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Brush Country consents to this removal.   Williams has not been made a defendant.

## IV.

### Conclusion

25.   Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Essex Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully,

THOMPSON, COE, COUSINS & IRONS, LLP

By:      /s/Jamie R. Carsey
          **Jamie R. Carsey,** *Attorney-in-Charge*
          Southern District Bar No. 567102
          State Bar No. 24045620
          *E-Mail:* jcarsey@thompsoncoe.com
          Cyrus W. Haralson
          Southern District Bar No. 1542111
          *E-Mail:* charalson@thompsoncoe.com
          Texas State Bar No. 24065371
          One Riverway, Suite 1400
          Houston, Texas   77056-1988
          (713) 403-8210  Telephone
          (713) 403-8299  Facsimile

ATTORNEYS FOR DEFENDANTS ESSEX
INSURANCE COMPANY AND BRUSH
COUNTRY CLAIMS, LTD.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of May, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

Andrew C. Cook
David M. Anderson
COOK & ANDERSON LAW FIRM, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
*E-Mail:* cook@ccatriallaw.com
*E-Mail:* Anderson@ccatriallaw.com

Robert C. Hilliard
John B. Martinez
Juan Reyna
HILLIARD, MUNOZ, GONZALES, LLP
Shoreline Terrace
719 S. Shoreline, Suite 500
Corpus Christi, Texas 78401
*E-Mail:* bobh@hmglawfirm.com
*E-Mail:* john@hmglawfirm.com
*E-Mail:* jr@hmglawfirm.com

ATTORNEYS FOR PLAINTIFF

*/s/ Jamie R. Carsey*
Jamie R. Carsey