Filed 9/23/2015 8:00:00 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Maricela Rinche, Deputy

CAUSE NO. 15-09-55133-CV

| | | |
|---|---|---|
| **FRANK DOMINGUEZ** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JIM WELLS COUNTY, TEXAS** |
| | § | |
| **ESSEX INSURANCE COMPANY,** | § | |
| **BRUSH COUNTRY CLAIMS,** | § | |
| **LTD. & BLAKE WILLIAMS** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Dominguez ("Plaintiff"), and files this *Plaintiff's Original Petition,* complaining of Essex Insurance Company ("Essex"), Brush Country Claims, LTD. ("BCC"), and Blake Williams ("Williams"), (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of his suit.



**EXHIBIT
B**

This document was retrieved from the IDOCKET.COM web site.

## PARTIES

2.   Plaintiff Frank Dominguez is an individual residing in Jim Wells County, Texas.

3.   Defendant Essex Insurance Company is an insurance company incorporated in and/or having its principal place of business in a state other than the State of Texas.   Essex, at all times material to this action, has engaged in the business of insurance in the State of Texas, as more particularly described below.  Essex does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause.   The causes of action arose out of this Defendant's business activities in Texas.   Accordingly, this Defendant may be cited by serving the Texas State Insurance Commissioner by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714-9104.  The Commissioner may forward citation and the petition to this defendant at its mailing address and/or principal place of business: Essex Insurance Company, Attn: President, 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

4.   Defendant BCC is an adjusting company engaging in the business of adjusting insurance claims in the State of Texas.   This defendant may be served with personal process, by a process server, by serving its registered agent, Richard W. Meyers, at 508 Cedar Drive, Georgetown, Texas 78628.

5.   Defendant Williams is an individual residing in and domiciled in the State of Texas.   This defendant may be served with personal process, by a process

This document was retrieved from the IDOCKET.COM web site.

server, at his place of residence at 2533 Emu Parade, New Braunfels, Texas 78132.

### JURISDICTION

6.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

7.   The Court has jurisdiction over Defendant Essex because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

8.   The Court has jurisdiction over Defendant BCC because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

9.   The Court has jurisdiction over Defendant Williams because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

### VENUE

10.   Venue is proper in Jim Wells County, Texas, because the insured property is situated in Jim Wells County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

This document was retrieved from the IDOCKET.COM web site.

## FACTS

11.   Plaintiff is the owner of a Texas Commercial Insurance Policy number ICR9720 (hereinafter referred to as "the Policy"), which was issued by Essex.

12.   Plaintiff owns the insured property, which is specifically located at 510 West Front Street, Alice, Texas 78332, in Jim Wells County (hereinafter referred to as "the Property").

13.   Essex sold the Policy insuring the Property to Plaintiff.

14.   On or about May 27, 2014, a massive hail storm struck Jim Wells County, Texas, causing significant damage to many properties and businesses throughout the region, including Plaintiff's property.   Plaintiff's roof sustained extensive damage during the hail storm.   Water intrusion through the roof caused damage to the interior ceilings and fixtures of the property. Plaintiff's property also sustained substantial structural and exterior damage during the storm.   Specifically, the exterior fascia, siding, signage, doors, and light fixtures were damaged by falling hail and debris. Furthermore, Plaintiff's HVAC unit, awning, and carport were damaged as a result of the storm. Plaintiff asked that Essex cover the cost of repairs to the Property pursuant to the Policy.

15.   Defendant Essex assigned Defendant BCC as the adjusting company on the claim.   Defendant BCC then assigned Defendant Williams to inspect Plaintiff's property.   The adjusters assigned to assess Plaintiff's claim were improperly trained and failed to perform a reasonable or adequate inspection

This document was retrieved from the IDOCKET.COM web site.

of the damages.  During the course of his inspection, Defendant Williams severely undervalued the damage to the property and also made the decision to deny some of Plaintiff's covered damages.  Defendants Essex and BCC agreed with and adopted Defendant Williams' undervalued and erroneous evaluation of Plaintiff's damages as their own and Essex ultimately issued underpayment based on that evaluation.

16.   As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair his property), Plaintiff's claim was improperly and unreasonably adjusted.  The mishandling of Plaintiff's claim has also caused a delay in his ability to make necessary repairs to the Property, which has resulted in additional and consequential damages.  To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

17.   As detailed in the paragraphs below, Essex wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Essex underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

This document was retrieved from the IDOCKET.COM web site.

18. To date, Essex continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his property.

19. Defendant Essex failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Essex's conduct constitutes a breach of the insurance contract between Essex and Plaintiff.

20. Defendants Essex, BCC, and Williams misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Essex's, BCC's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants Essex, BCC, and Williams failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Essex's, BCC's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants Essex, BCC, and Williams failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants

This document was retrieved from the IDOCKET.COM web site.

Essex, BCC, and Williams failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Essex, BCC, and Williams did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Essex's, BCC's, and Williams' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.   Defendants Essex, BCC, and Williams failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Essex, BCC, and Williams. Defendants Essex's, BCC's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.   Defendants Essex, BCC, and Williams refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Essex, BCC, and Williams failed to conduct a reasonable investigation. Specifically, Defendants Essex, BCC, and Williams performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants

Page 7

This document was retrieved from the IDOCKET.COM web site.

Essex's, BCC's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant Essex failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Essex 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant Essex failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Essex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Essex failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for her claim. Essex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiff's claim was presented to Defendant Essex, the liability of Essex to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Essex has refused to pay Plaintiff in

This document was retrieved from the IDOCKET.COM web site.

full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Essex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants Essex, BCC, and Williams knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30. As a result of Defendants Essex's, BCC's, and Williams' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

31. Plaintiff's experience is not an isolated case. The acts and omissions Essex committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Essex with regard to handling these types of claims. Essex's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST WILLIAMS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant Williams' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).

This document was retrieved from the IDOCKET.COM web site.

All violations under their article are made actionable by TEX. INS. CODE §541.151.

33. Defendant Williams is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Essex, because he is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34. Defendant Williams' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35. Defendant Williams' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear,

Page 10

This document was retrieved from the IDOCKET.COM web site.

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(2)(A).

36.   The unfair settlement practice of Defendant Williams, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(3).

37.   Defendant Williams' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(4).

38.   Defendant Williams' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(7).

### Causes of Action Against BCC

### Noncompliance with Texas Insurance Code:
### Unfair Settlement Practices

39.   Defendant BCC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a).

This document was retrieved from the IDOCKET.COM web site.

All violations under this article are made actionable by Tex. Ins. Code §541.151.

40. Defendant BCC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

41. Defendant BCC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

42. Defendant BCC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

43. Defendant BCC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

This document was retrieved from the IDOCKET.COM web site.

44.   Defendant BCC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

45.   Defendants Essex, BCC, and Williams are liable to Plaintiff for common law fraud.

46.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which Essex, BCC, and Williams knew were false or made recklessly without any knowledge of their truth as a positive assertion.

47.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

48.   Defendants Essex, BCC, and Williams are liable to Plaintiff for conspiracy to commit fraud.   Defendants Essex, BCC, and Williams were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against

This document was retrieved from the IDOCKET.COM web site.

Plaintiff, Defendants Essex, BCC, and Williams committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

CAUSES OF ACTION AGAINST ESSEX ONLY

49.   Defendant Essex is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

BREACH OF CONTRACT

50.   Defendant Essex's conduct constitutes a breach of the insurance contract made between Essex and Plaintiff.

51.   Defendant Essex's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Essex's insurance contract with Plaintiff.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:<br>UNFAIR SETTLEMENT PRACTICES

52.   Defendant Essex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

53.   Defendant Essex's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue,

This document was retrieved from the IDOCKET.COM web site.

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.    Defendant Essex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Essex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55.    Defendant Essex's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.    Defendant Essex's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

57.    Defendant Essex's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation,

This document was retrieved from the IDOCKET.COM web site.

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

58.   Defendant Essex's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

59.   Defendant Essex's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

60.   Defendant Essex's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

61.   Defendant Essex's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.   Defendant Essex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Page 16

This document was retrieved from the IDOCKET.COM web site.

63. Defendant Essex's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Essex knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

64. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

65. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

66. As previously mentioned, the damages caused by the hail storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Essex's, BCC's, and Williams' mishandling of Plaintiff's claim in violation of the laws set forth above.

67. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

This document was retrieved from the IDOCKET.COM web site.

68.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages.  TEX. INS. CODE §541.152.

69.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

70.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.   For the prosecution and collection of his claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of

This document was retrieved from the IDOCKET.COM web site.

his action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jim Wells County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### REQUESTS FOR PRODUCTION

75. *Plaintiff's Request for Production to Defendant Essex Insurance Company* is attached as "Exhibit A." *Plaintiff's Request for Production to Defendant Brush Country Claims, LTD* is attached as "Exhibit A-1."

## RULE 47 STATEMENT

76. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

77. Texas Rule of Civil Procedure 47, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly,

Page 19

This document was retrieved from the IDOCKET.COM web site.

Plaintiff states that monetary relief of over $200,000 but less than $1,000,000, in an amount to be determined by the jury, is being sought

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of his case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.  In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
cook@ccatriallaw.com
anderson@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFF**

This document was retrieved from the IDOCKET.COM web site.

**And**  Robert C. Hilliard
    State Bar No. 09677700
    John B. Martinez
    State Bar No. 24010212
    Juan Reyna, Of Counsel
    State Bar No. 24027649
    Hilliard, Munoz, Gonzales, LLP
    Shoreline Terrace
    719 S. Shoreline, Suite 500
    Corpus Christi, Texas  78401
    (361) 882-1612 (Office)
    (361)882-3015 (Facsimile)
    bobh@hmglawfirm.com
    john@hmglawfirm.com
    jr@hmglawfirm.com

This document was retrieved from the IDOCKET.COM web site.

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* 15-09-55133-CV | COURT *(FOR CLERK USE ONLY):* 79TH DISTRICT COURT |

STYLED FRANK DOMINGUEZ V. ESSEX INSURANCE COMPANY, BRUSH COUNTRY CLAIMS, LTD & BLAKE WILLIAMS

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Wendy Watson

Email: wwatson@ccatriallaw.com

Address: 5900 Memorial Dr. Suite 210

Telephone: 713-739-0810

City/State/Zip: Houston, Texas  77007

Fax: 713-739-0821

Signature:

State Bar No: NA

## Names of parties in case:

Plaintiff(s)/Petitioner(s): Frank Dominguez

Defendant(s)/Respondent(s): Essex Insurance Company, Brush Country Claims, Ltd and Blake Williams

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:

- ☒ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☒ Other: legal assistant

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☒ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☒ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment | |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Protection |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Child Support |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: | ☐ Custody or Visitation |
| ☐ Other Contract: | | | | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | | ☐ Grandparent Access |
| **Employment** | | **Other Civil** | | ☐ Paternity/Parentage |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | ☐ Termination of Parental Rights |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | ☐ Other Parent-Child: |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult | | |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor | | |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health | | |
| | ☐ Other Estate Proceedings | ☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

This document was retrieved from the IDOCKET.COM web site.

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13



This document was retrieved from the IDOCKET.COM web site.

**"Exhibit A"**

CAUSE NO._____

| | | |
|---|---|---|
| FRANK DOMINGUEZ | § | IN THE DISTRICT COURT OF |
|    Plaintiff, | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE COMPANY, | § | |
| BRUSH COUNTRY CLAIMS, | § | |
| LTD. & BLAKE WILLIAMS | § | |
|    Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ESSEX INSURANCE COMPANY

**To:** **Defendant Essex Insurance Company, by and through its President, or any other Officer, at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.**

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Essex Insurance Company must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
cook@ccatriallaw.com
anderson@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFF**

This document was retrieved from the IDOCKET.COM web site.

**And**  Robert C. Hilliard
State Bar No. 09677700
John B. Martinez
State Bar No. 24010212
Juan Reyna, Of Counsel
State Bar No. 24027649
Hilliard, Munoz, Gonzales, LLP
Shoreline Terrace
719 S. Shoreline, Suite 500
Corpus Christi, Texas  78401
(361) 882-1612 (Office)
(361)882-3015 (Facsimile)
bobh@hmglawfirm.com
john@hmglawfirm.com
jr@hmglawfirm.com

This document was retrieved from the IDOCKET.COM web site.

## <u>INSTRUCTIONS</u>

1.   Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.   For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

   a.   When identifying the document, you must state the following:

      (1)   The nature of the document (e.g., letter, handwritten note).
      (2)   The title or heading that appears on the document.
      (3)   The date of the document and the date of each addendum, supplement, or other addition or change.
      (4)   The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

   b.   When identifying the person, you must state the following:

      (1)   The full name.
      (2)   The present or last known residential address and residential telephone number.
      (3)   The present or last known office address and office telephone number.
      (4)   The present occupation, job title, employer, and employer's address.

This document was retrieved from the IDOCKET.COM web site.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **Essex Insurance Company**, as well as its successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **Essex Insurance Company** or its successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on

This document was retrieved from the IDOCKET.COM web site.

magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5.   "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.   "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.   "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.



This document was retrieved from the IDOCKET.COM web site.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## ESSEX INSURANCE COMPANY

1.  Produce all nonidentical copies of **Insurance Policy No. 1CR9720** (hereinafter referred to as "The Policy"), which provided coverage for the property located at **510 West Front Street, Alice, Texas 78332** (hereinafter referred to as "The Property"), on or about May 27, 2014.

2.  Produce all claims files created, kept, maintained, or otherwise related to Plaintiff's claim filed on **Policy No. 1CR9720**.

3.  Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4.  Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to Plaintiff's claim filed on **Policy No. 1CR9720** in native format via USB drive or DVD/CD-ROM.

8.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and his agents, employees, or representatives concerning the subject matter of this lawsuit.

11. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD. ("BCC"), and Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to Plaintiff's claim filed on **Policy No. 1CR9720**.

12. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD. ("BCC"), and Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to The Policy.

13. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD. ("BCC"), and

This document was retrieved from the IDOCKET.COM web site.

Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to The Property.

14. Produce all documents or other material or information that reflect any instructions or directions Essex, including its employees and agents, provided or made available to Plaintiff relating to Plaintiff's claim filed on **Policy No. 1CR9720**.

15. Produce all documents or other material or information that reflect any instructions or directions Defendant Essex, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16. Produce all documents or other material or information that reflect any instructions or directions Defendant Essex, including its employees and agents, provided or made available to Plaintiff relating to The Property.

17. Produce all documents that relate to any inspections performed on The Property.

18. Produce all SIU files created, kept, maintained, or otherwise related to Plaintiff's claim filed on **Policy No. 1CR9720**.

19. Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20. Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21. Produce all training materials relevant to the adjusting of hail/wind damage claims in Texas.

22. Produce all policies/procedures/guidelines maintained by Essex that relate to the handling of hail/wind damage claims in Texas.

23. Produce all personnel files maintained by Essex regarding Defendant Williams.

24. Produce all personnel files maintained by Essex regarding any other adjuster/claim representative assigned to Plaintiff's claim filed on **Policy No. 1CR9720**.

This document was retrieved from the IDOCKET.COM web site.

**"Exhibit A-1"**

## CAUSE NO._____

| | | |
|---|---|---|
| **FRANK DOMINGUEZ** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JIM WELLS COUNTY, TEXAS** |
| | § | |
| **ESSEX INSURANCE COMPANY,** | § | |
| **BRUSH COUNTRY CLAIMS,** | § | |
| **LTD & BLAKE WILLIAMS** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT BRUSH COUNTRY CLAIMS, LTD

**To:    Defendant Brush Country Claims, LTD, by and through its registered agent, Richard W. Meyers, at 101 North Cameron, Alice, Texas 78332.**

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Brush Country Claims, LTD must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
cook@ccatriallaw.com
anderson@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFF**

This document was retrieved from the IDOCKET.COM web site.

**And**          Robert C. Hilliard
State Bar No. 09677700
John B. Martinez
State Bar No. 24010212
Juan Reyna, Of Counsel
State Bar No. 24027649
Hilliard, Munoz, Gonzales, LLP
Shoreline Terrace
719 S. Shoreline, Suite 500
Corpus Christi, Texas  78401
(361) 882-1612 (Office)
(361)882-3015 (Facsimile)
bobh@hmglawfirm.com
john@hmglawfirm.com
jr@hmglawfirm.com

This document was retrieved from the IDOCKET.COM web site.

## INSTRUCTIONS

1.  Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.  When identifying the document, you must state the following:

        (1)  The nature of the document (e.g., letter, handwritten note).
        (2)  The title or heading that appears on the document.
        (3)  The date of the document and the date of each addendum, supplement, or other addition or change.
        (4)  The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.  When identifying the person, you must state the following:

        (1)  The full name.
        (2)  The present or last known residential address and residential telephone number.
        (3)  The present or last known office address and office telephone number.
        (4)  The present occupation, job title, employer, and employer's address.

This document was retrieved from the IDOCKET.COM web site.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **Brush Country Claims, LTD**, as well as its successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **Brush Country Claims, LTD** or its successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous

This document was retrieved from the IDOCKET.COM web site.

files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.



This document was retrieved from the IDOCKET.COM web site.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## BRUSH COUNTRY CLAIMS, LTD

1.  Produce all nonidentical copies of **Insurance Policy No. 1CR9720** (hereinafter referred to as "The Policy"), which provided coverage for the property located at **510 West Front Street, Alice, Texas 78332** (hereinafter referred to as "The Property"), on or about May 27, 2014.

2.  Produce all claims files created, kept, maintained, or otherwise related to Plaintiff's claim filed on **Policy No. 1CR9720**.

3.  Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4.  Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to Plaintiff's claim filed on **Policy No. 1CR9720** in native format via USB drive or DVD/CD-ROM.

8.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and his agents, employees, or representatives concerning the subject matter of this lawsuit.

11. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD ("BCC"), and Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to Plaintiff's claim filed on **Policy No. 1CR9720**.

12. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD ("BCC"), and Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to The Policy.

13. Produce all communications between Plaintiff and Defendants Essex Insurance Company ("Essex"), Brush Country Claims, LTD ("BCC"), and

This document was retrieved from the IDOCKET.COM web site.

Blake Williams ("Williams"), including any of Defendants' other employees or agents, relating to The Property.

14.     Produce all documents or other material or information that reflect any instructions or directions BCC, including its employees and agents, provided or made available to Plaintiff relating to Plaintiff's claim filed on **Policy No. 1CR9720**.

15.     Produce all documents or other material or information that reflect any instructions or directions Defendant BCC, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16.     Produce all documents or other material or information that reflect any instructions or directions Defendant BCC, including its employees and agents, provided or made available to Plaintiff relating to The Property.

17.     Produce all documents that relate to any inspections performed on The Property.

18.     Produce all SIU files created, kept, maintained, or otherwise related to Plaintiff's claim filed on **Claim No. 1CR9720**.

19.     Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20.     Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21.     Produce all training materials relevant to the adjusting of hail/wind damage claims in Texas.

22.     Produce all policies/procedures/guidelines maintained by BCC that relate to the handling of hail/wind damage claims in Texas.

23.     Produce all policies/procedures/guidelines received from Essex that relate to the handling of hail/wind damage claims in Texas.

24.     Produce all personnel files maintained by BCC regarding Defendant Williams.

25.     Produce all personnel files maintained by BCC regarding any other adjuster/claim representative assigned to Plaintiff's claim filed on **Policy No. 1CR9720**.

This document was retrieved from the IDOCKET.COM web site.