IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK DOMINGUEZ. <br>     Plaintiff, <br><br> v. <br><br> ESSEX INSURANCE COMPANY, <br> BRUSH COUNTRY CLAIMS, LTD., <br> & BLAKE WILLIAMS, <br><br>     Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 2:16-CV-137 |

## PLAINTIFF'S MOTION TO REMAND AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Frank Dominguez, ("Plaintiff"), and files this Plaintiff's Motion to Remand and Supporting Memorandum. The Court lacks subject matter jurisdiction over this case. Therefore, Plaintiff respectfully requests the Court remand this case to state court. In support thereof, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. §1477(c), Plaintiff would respectfully show as follows:

### I. FACTUAL OVERVIEW

1. Plaintiff is Frank Dominguez; Defendants are Essex Insurance Company ("Essex"), Brush Country Claims, LTD. ("BCC"), and Blake Williams ("Williams").

2. On September 23, 2015, Plaintiff filed suit against Defendants in the 79th Judicial District Court of Jim Wells County, Texas for claims arising out of the adjustment and handling of Plaintiff's commercial property insurance claim for damages caused by a severe hail storm.

3. Defendant Essex was served with citation and pleadings on November 3, 2015.[1]

---

[1] *See Defendant Essex's Notice of Removal*, Dkt. #1 ¶ 2

1

4. On May 2, 2016, 181 days after service, Defendant Essex removed the case to Federal Court.

5. In its removal, Defendant alleges an intervening event took place which rendered this case newly-removable, where previously it was not.[2]

## II. ISSUES PRESENTED

6. A. Does Defendant's removal fail because it was untimely filed?

B. Assuming, arguendo, that Defendant's removal does not fail on account of untimeliness, were the Texas Defendants–as Defendant Essex claims–improperly joined?

## III. ARGUMENT & AUTHORITIES

7. Pursuant to 28 U.S.C. §1446(b), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[3]

### A. DEFENDANT'S REMOVAL FAILS AS UNTIMELY

8. Plaintiff filed this action on September 25, 2015, and Defendant Essex was served with citation and pleadings on November 3, 2015. Defendant Essex did not file its notice of removal until May 2, 2016, 181 days after receiving service. Pursuant to 28 U.S.C. §1446, Defendant had 30 days to file its notice of removal from the date it was served but failed to do so. "[A] defendant who does not timely assert the right to remove loses that right."[4] "The untimeliness

---

[2] *Id* at 19.
[3] 28 U.S.C. §1446(b)(1).
[4] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)

2

of a removal petition is a ground for remand that is authorized under Section 1447(c)."[5] These rules are "consistent with the trend to limit removal jurisdiction."[6]

9. Aware that it cannot otherwise survive this Court's threshold timeliness analysis, Essex makes the argument that this case became removable due to a recent Fifth Circuit opinion, *International Energy v. United Energy* which was issued March 31, 2016.[7] However, in *International,* cited by Defendant in its notice and offered in support of its proposition that its removal was timely, the Court states it "must apply the analysis articulated in [the Fifth Circuit's] *en banc* opinion in *Smallwood v. Illinois Central Railroad Co.*"[8] In *International,* the Court explains that it has "routinely relied on [the] *Smallwood* opinion as *the* authoritative source of our improper-joinder analysis."[9] In *International*, the Court states that its decision in that case "merely reiterate[s] *Smallwood's* instruction."[10] This new opinion only serves to further clarify a previous decision (i.e., *Smallwood*) that some "unpublished opinions have inadvertently confused."[11] Defendant Essex's proposed reading of *International* as an intervening event somehow converting this cause from a non-removable case into a removable case is inconsistent with the plain language of the Court's actual holding in *International* that *Smallwood* was, is, and remains controlling. Defendant Essex has not offered any pleadings, opinions, orders or any other evidence or authority from which it may be ascertained that this case–which, as Defendant concedes, was not previously removable–has become removable. Defendant's removal is both untimely and improper.

---

[5] *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012)
[6] *Brown v. Demco Inc.*, at 482.
[7] *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, ---F.3d----,(5th Cir. 2016)
[8] *Id* at *3.
[9] *Id* at *8.
[10] *Id* at *4.
[11] *Id* at *3.

3

## B. STANDARDS GOVERNING REMOVAL

10. This Court lacks subject matter jurisdiction over this case because complete diversity does not exist between the parties and there are no federal questions to resolve. Defendants BCC and Williams are citizens of and domiciled in Texas, and Plaintiff has pled valid causes of action against Defendants BCC and Williams, as stated sufficiently in its pleadings.[12] Moreover, Plaintiff provides a reasonable basis for the Court to predict that Plaintiff will be able to recover from Defendants BCC and Williams.[13] Defendants BCC and Williams are properly joined in this action.

11. A Court must strictly construe the removal statutes in favor of remand and against removal.[14] Further, a Court may remand a case at any time on the basis of a lack of subject-matter jurisdiction identified in a motion for remand.[15]

12. In addition, the party invoking a Court's removal jurisdiction bears the burden of establishing Federal jurisdiction. Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the Court's diversity jurisdiction.[16] In evaluating the propriety of removal, the Court must evaluate all Federal allegations in the light most favorable to plaintiff, resolve all contested issues of fact in favor of plaintiff, and resolve all ambiguities of controlling law in favor of plaintiff.[17]

---

[12] *See Plaintiff's Original Petition*, attached hereto as Plaintiff's Exhibit A.
[13] *Id.*
[14] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F. 3d 278, 281 (5th Cir. 2007); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[15] 28 U.S.C. §1447(c).
[16] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).
[17] *See Burden v. Gen. Dynamics Corp.*, 60 F.3d. 213, 215 (5th Cir. 1995); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

4

C. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE BCC AND WILLIAMS ARE PROPERLY JOINED TEXAS DEFENDANTS**

13. The Court should remand this case to state court because, as Defendant Essex acknowledge in its Notice of Removal, the parties are not diverse.[18] Specifically, Defendant Essex admit in its Notice of Removal that Defendants BCC and Williams are individuals residing in Texas, and that Plaintiff resides in Texas.[19] Complete diversity does not exist between the parties.

14. In their Notice of Removal, Defendant Essex asserts that BCC and Blake Williams, citizens of the State of Texas, was improperly joined in this suit. Plaintiff's joinder of BCC and Mr. Williams, non-diverse Defendants, were not an improper joinder.[20] Defendants BCC and Williams were properly joined because (1) Plaintiff has a valid cause of action against them, and (2) the facts alleged in Plaintiff's Original Petition are sufficient to establish causes of action against them.[21] Further, Defendant Essex has not met its burden of proving Plaintiff has no possibility of recovering against Defendants BCC and Williams. Therefore, Essex's contention that Defendants BCC and Williams were improperly joined is without merit.

15. This case is not removable pursuant to 28 U.S.C §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446. As such, this Court should remand this case to the state court where it was originally filed.

i.) **DEFENDANT DID NOT—AND CANNOT—MEET ITS BURDEN TO PROVE IMPROPER JOINDER**

16. When a defendant fails to prove improper joinder, diversity is not complete and remand is mandated.[22] The Fifth Circuit has stressed "[t]he burden of persuasion on those who

---

[18] 28 U.S.C. §1332(a); see *Gasch*, 491 F.3d 278, 281.
[19] See *Defendant Essex's Notice of Removal*, Dkt #1.
[20] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[21] See Plaintiff's Exhibit A.
[22] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (*en banc*).

5

claim fraudulent joinder is a heavy one."[23] To show joinder is improper, the removing party must prove that there is <u>no possibility</u> that the Plaintiff will be able to establish a cause of action against the non-diverse defendant or that the Plaintiff engaged in outright fraud in pleading jurisdictional facts.[24]

17. "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case."[25] "In deciding whether a party was improperly joined, we resolved all contested factual issues and ambiguities of state law in favor of the Plaintiff."[26] Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.[27]

18. In this case, Plaintiff has properly alleged valid state law causes of action against Defendants BCC and Williams under the Texas Insurance Code, which are supported by sufficient facts to establish cases of action.[28] Specifically, in its Original Petition, Plaintiff alleges that Defendants BCC and Williams represented to Plaintiff that some of the damage to its Property was not covered by the Policy, even though the damage was caused by a covered peril.[29] Further, Plaintiff alleges that Defendants BCC and Williams failed to make an attempt to settle its claim in a fair manner, although they were aware of liability to Plaintiff under the Policy.[30] Plaintiff also alleges Defendants BCC and Williams performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation and payment of Plaintiff's

---

[23] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[24] *Gasch*, 491 F.3d 278, 281 (5th Cir. 2007).
[25] *Smallwood*, 385 F.3d 568, 573 (5th Cir. 2004).
[26] *Gasch*, 491 F.3d 278, 281 (5th Cir. 2007).
[27] *Id.* at 281-82.
[28] *See* Plaintiff's Exhibit A.
[29] *Id.*
[30] *Id.*

6

losses on the Property.[31] Specifically, Defendant Williams—as the only inspecting adjuster—made the executive decision to undervalue the damage to Plaintiff's roofs and deny all other damages to Plaintiff's property.[32] Defendant BCC submitted the final estimate to Defendant Essex. Defendants BCC and Williams performed their investigation with the knowledge that Defendant Essex would rely on their findings and use those findings as a basis to wrongfully deny coverage on some damages and underpay others.[33] Plaintiff has demonstrated that Defendants BCC and Williams took a significant role in the adjusting—and underpayment—of Plaintiff's claim, and they have been properly joined to this lawsuit. This case should be remanded to state court.

### ii.) PLAINTIFF HAS ALLEGED VALID CAUSES OF ACTION AGAINST DEFENDANTS BCC AND WILLIAMS

19. Defendants BCC and Williams have been properly joined because Plaintiff has valid causes of action against them under the Texas Insurance Code. BCC was the adjusting company assigned by Defendant Essex to adjust Plaintiff's claim. Williams was an adjuster with significant involvement in Plaintiff's claim. BCC and Williams made improper coverage decisions despite the existence of liability and failed to perform a reasonable, good faith adjustment of Plaintiff's claim.[34] Because BCC is an adjusting company in the business of insurance, it can be held individually liable for its actions under the Texas Insurance Code.[35] Because Williams is an adjuster in the business of insurance, he can be held individually liable for his actions under the Texas Insurance Code. [36]

---

[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] Tex. Ins. Code Ann. § 541.002; Tex. Ins. Code Ann. § 541.003.
[36] *Id.*

20. In *Garrison Contractors*, the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers.[37] The term "person," for the purpose of determining liability, includes individuals and company employees who are engaged in the business of insurance.[38] Thus, the wrongful conduct of an insurance adjuster and adjusting company gives rise to that individual's or company's personal liability, and the Fifth Circuit, bound by Texas Supreme Court precedent on questions of Texas substantive law when sitting in its *Erie* capacity has held the same.[39]

21. Defendants BCC and Williams are a "person" under the Texas Insurance Code and are therefore subject to individual liability for violations of the Texas Insurance Code. It is Plaintiff's contention that during the course of the adjustment process, BCC and Williams committed violations of the Texas Insurance Code. Thus, Defendant's removal is groundless and completely ignores precedent directly on point from the Texas Supreme Court and the Fifth Circuit holding that an individual adjuster can be held liable under Chapter 541 of the Texas Insurance Code. The Court should remand this case to state court because Plaintiff has pled a valid state law cause of action against Defendants BCC and Williams.

### iii.) PLAINTIFF'S FACTUAL ALLEGATIONS AGAINST BCC AND WILLIAMS ARE SUFFICIENT TO SUPPORT CAUSES OF ACTION

22. Defendants BCC and Williams are properly joined because Plaintiff has alleged facts against them which are sufficient to support a cause of action against them for violations of the Texas Insurance Code. "[W]hether the Plaintiffs have alleged a valid state law cause of action

---

[37] *Liberty Mut. Ins. Co. V. Garrison Contr.*, 966 S.W.2d 482, 486-87 (Tex. 1998).
[38] *Id.*
[39] *Gasch v. Hartford*, 491 F.3d 278 (5th Cir. 2007).

depends upon... the factual fit between the Plaintiffs' allegations and the pleaded theory of recovery."[40]

23. In this case, the necessary "factual fit" between Plaintiff's allegations and the plead theory of recovery exists. Courts agree there is not improper joinder if there is arguably a reasonable basis for predicting that state law might impose liability on the Defendant at issue, given the underlying facts as pled.[41] "[F]ederal courts are not to weigh the merits of Plaintiffs' claim beyond determining whether it is an arguable one under state law."[42]

24. Specifically, Plaintiff has alleged that Defendants BCC and Williams misrepresented coverage, failed to perform a reasonable investigation of his claim, made improper coverage decisions, and created the alleged justification—through their inspection and estimate—for Defendants to deny coverage on some of Plaintiff's damages and issue underpayment despite the existence of liability. BCC and Williams performed a significant role in the mishandling of Plaintiff's insurance claim and is personally liable for damages under the Texas Insurance Code.

25. Plaintiff's allegations against Defendants BCC and Williams are valid causes of action under Texas substantive law. Whether Plaintiff is ultimately able to prove BCC and Williams engaged in the alleged conduct goes to the merits of the claim and is not the issue before the Court. Instead, the Court must decide whether there is no possibility Plaintiff will be able to establish a cause of action against BCC and Williams in state court.[43]

26. Despite Defendant's allegations regarding Defendants BCC and Williams and their actions, duties, and responsibilities regarding Plaintiff's claim, Defendant did not—and cannot—

---

[40] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[41] *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2001); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993).
[42] *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).
[43] *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th. Cir. 2002).

9

meet the heavy burden of proving improper joinder. Therefore, removal is improper and this Court should remand the case to Texas state court.

### IV. CONCLUSION

27. For the reasons discussed above, Defendant Essex's removal is untimely and therefore improper. Moreover, and setting untimeliness of Defendant's removal aside, Defendants Brush Country Claims and Blake Williams, Texas residents, are necessary and proper parties to this suit, and each face valid state law claims and potential individual liability. Complete diversity does not exist.

28. Accordingly, Plaintiff respectfully requests that this Court grant this motion and remand this suit to the state court where it was originally filed.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court grant this Motion to Remand, as well as all such other and further relief, whether at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,
**COOK & ANDERSON LAW FIRM, PLLC**

*/s/ David M. Anderson*
Andrew C. Cook
Federal ID No. 976434
State Bar No. 24057481
David M. Anderson
Federal ID No.985644
State Bar No. 240648175
Daniel Cienfuegos, Jr.
Federal ID No. 2247723
State Bar No. 24069509
5900 Memorial Drive, Suite 210
Houston, Texas 77007
(713) 739-0810 (Phone)
(713) 739-0821 (Facsimile)
**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Defendants' counsel on June 3, 2016 regarding the contents of this Motion, and at the time of this filing this motion Defendants are OPPOSED.

/s/ *David M. Anderson*
David M. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Remand and Supporting Memorandum was served on the attorney in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this, the 3rd day of June, 2016.

/s/ *David M. Anderson*
David M. Anderson